IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIAN S. CROXFORD AND DEENA R. CROXFORD,<br><br>Plaintiffs,<br><br>v.<br><br>SUTHERLAND TITLE, *et al.*<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:10-CV-0573<br><br>Judge Clark Waddoups |

<u>**INTRODUCTION**</u>

The present action brought by Plaintiffs Brian S. Croxford and Deena R. Croxford arises from the purchase and financing of the subject property as described in the complaint.  Plaintiffs allege a variety of state claims, including gross negligence, breach of contract, conspiracy, fraud, etc.  Plaintiffs also allege violations of the Federal Truth in Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and the Equal Credit Opportunity Act ("ECOA").  (Compl., 69, 73, 76.)  Defendants Lawrence Dingivan and Zions First National Bank ("Defendants") move to dismiss a number of Plaintiffs' claims, including these federal causes of action on the basis that the statute of limitations has run.  (Dingivan Mem. Supp. Mot. to Dismiss, 19.)  Plaintiffs contend that equitable tolling should be applied.  The court grants Defendants' motion to dismiss regarding the federal causes of action.  Because there is no longer a federal question and diversity has not been sufficiently alleged, the court declines to exercise supplemental jurisdiction on the state claims and dismisses those claims for lack of jurisdiction.

## **DISCUSSION**

As a preliminary matter, there is no dispute that Plaintiffs' TILA, RESPA, and ECOA claims have run their corresponding statutes of limitation. Rather, Plaintiffs argue that their claims should be preserved through equitable tolling. (Pls.' Mem. Opp'n Dingivan Mot. Dismiss, 9-10.) Equitable tolling "is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances . . . . [It] is only available when litigants diligently pursue their claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond their control." *Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. 2008) (internal citations omitted). It is not sufficient, however, to claim equitable tolling when a defendant simply fails to make a required disclosure, as opposed to providing false information, because such a plaintiff would "[know] or should have known of this failure as of that date." *See Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633-34 (10th Cir. 1986). Plaintiffs have the burden of showing that they have met the requirements for equitable tolling to apply.

Plaintiffs contend that equitable tolling should be applied because they were "unaware of their rights [to disclosure documents] because of the calculated concealment and scheming behavior of Defendants." (Pls.' Mem. Opp'n Dingivan Mot. Dismiss, 11.) The court rejects this bald assertion. Nothing is provided that suggests that Plaintiffs advantaged themselves of any sort of due diligence to discover their rights relating to the purchase of the subject property. Plaintiffs' failure to avail themselves of sufficient information to understand their rights under the law is a risk that they bear, and they cannot shift the consequences resulting from their ignorance to Defendants. Moreover, nothing is before the court that could show that even if Plaintiffs attempted to discover their rights, that Defendants somehow thwarted such an effort.

Plaintiffs simply implore the court to "take notice of the egregiousness of Defendants' conduct and the lengths they undertook to conceal their misdeeds." (Pls.' Mem. Opp'n Dingivan Mot. Dismiss, 11.) Without identifying or explaining which "misdeed" prevented Plaintiffs from inquiring about their rights to disclosures and exercise a reasonable degree of due diligence, Plaintiffs' contention fails. Accordingly, their equitable tolling argument is rejected.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss[1] is GRANTED in part and DENIED in part. Plaintiffs' causes of action 10, 11, and 12 are dismissed for failure to state a claim. Because the claims over which this court has original jurisdiction are now dismissed, the court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims and dismisses those actions pursuant to 28 U.S.C. 1367(c)(3). Defendants' motion to dismiss all other causes of action is therefore denied for lack of jurisdiction. The motion to dismiss[2] of J. Martell Bodell, II and Bodell VanDrimmelen & Associates, Inc. is likewise DENIED for lack of jurisdiction.

DATED this 7th day of January, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

---

[1] Dkt. No. 15.
[2] Dkt. No. 18.